UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREMEL TAYLOR,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

No. 20-CV-2233 (KMK)

No. 16-CR-0390-1 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Tremel Taylor ("Petitioner"), currently incarcerated at the United States Penitentiary McCreary in Kentucky, brings this pro se Motion under 28 U.S.C. § 2255 (the "Motion") challenging the legality of his sentence entered in *United States v. Taylor*, No. 7:16-CR-0390-1 (S.D.N.Y. Apr. 19, 2018). For the following reasons, the Court directs Petitioner to file a declaration within sixty days of the date of this Order showing cause why the Motion should not be denied as time-barred.

## BACKGROUND

On June 1, 2017, Petitioner pleaded guilty to two counts of the Superseding Felony Information in *Taylor*, No. 7:16-CR-0390-1, including Count One (distribution and possession with intent to distribute crack and heroin, 21 U.S.C. § 841(b)(l)(B)), and Count Two (felon in possession of a firearm, 18 U.S.C. § 922(g)). The Court entered judgment on April 19, 2018, sentencing Petitioner to 78 months' incarceration on each count, to run concurrently, as well as 5 years of supervised release for Count 1, and 3 years of supervised release for Count 2, to run concurrently. Petitioner did not appeal.

## DISCUSSION

Petitioner's application may be time-barred. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates,

including the date when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Petitioner's judgment of conviction became final on or about May 4, 2018, when the 14-day period to file a timely notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Petitioner had one year from the date judgment became final to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). It therefore appears that the Motion was untimely when Petitioner gave it to prison officials on March 4, 2020, for mailing, because it was filed more than one year after judgment became final.

Petitioner is directed to show cause within sixty days why this Motion should not be denied as time-barred. Petitioner should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this Motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

Petitioner is directed to file a declaration within sixty days of the date of this order showing cause why the Motion should not be denied as time-barred. If Petitioner files a declaration within the time allowed, the Court will review it, and if proper, will order that the Motion be served on Respondent. If Petitioner fails to comply with this Order, the Motion will be denied as time-barred. No answer will be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 31, 2020
       White Plains, New York

KENNETH M. KARAS
United States District Judge