UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREMEL TAYLOR,

                      Plaintiff,

            -v-

UNITED STATES OF AMERICA,

                      Defendant.

No. 20-CV-2233 (KMK)
No. 16-CR-390 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

       On March 9, 2020, Tremel Taylor ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his April 19, 2018 sentence of 78 months of imprisonment, imposed after Petitioner pled guilty to one count of distribution and possession with intent to distribute crack and heroin, in violation of 21 U.S.C. § 841(b)(1)(B); and one count of felon in possession of a firearm, in violation 18 U.S.C. § 922(g). (*See generally* Pet. For a Writ of Habeas Corpus ("Pet.") (Dkt. No. 1, Case No. 20-CV-2233); Judg. (Dkt. No. 48, Case No. 16-CR-390).)

       On March 31, 2020, Petitioner was directed to file a declaration within 60 days showing cause why the Petition should not be denied as time-barred. (Order To Show Cause 2–3 (Dkt. No. 4, Case No. 20-CV-2233).) The Court also stated that the Motion will be denied as time-barred if Petitioner failed to comply with the Order. (*Id*. at 2.) On May 22, 2020, Petitioner filed a letter requesting an extension to respond to the Order to Show Cause. (*See* Dkt. No. 5, Case No. 20-CV-2233.) The Court granted this extension, extending the deadline to respond to no later than August 8, 2020. (Dkt. No. 6, Case No. 20-CV-2233.) Petitioner did not file such a declaration in either the criminal case or the instant civil Action. (*See generally* Dkt., Case No.

20-CV-2233; Dkt., Case No. 16-CR-390.)  On October 5, 2022, this Court issued an Order to Show Cause regarding his failure to submit the declaration.  (Dkt. No. 8, Case No. 20-CV-2233).)  In this Order, the Court noted that Petitioner appeared to have been released from federal custody on August 17, 2022, and requested that Petitioner's counsel attempt to reach the Petitioner.  (*Id.*; *see also* Dkt., Case No. 20-CV-2233 (entry for October 6, 2022).)  The Court also stated that "this case may be dismissed with prejudice without further notice" if Petitioner failed to reply.  (Dkt. No. 8, Case No. 20-CV-2233.)  On November 18, 2022, the copy of the Order to Show Cause was returned as undeliverable.  (Dkt., Case No. 20-CV-2233 (entry for Nov. 18, 2022).)  Petitioner nor Petitioner's counsel has communicated with the Court since August 26, 2020.  (Dkt. No. 63, Case No. 16-CR-390.)

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters."

*Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Petitioner filed the Motion to Vacate, Set Aside, or Correct Sentence on March 9, 2020, (Dkt. No. 1, Case No. 20-CV-2233), and his only other communication to the Court related to this Motion was a request for an extension of time filed on June 5, 2020, (Dkt. No. 5, Case No. 20-CV-2233). Petitioner failed to respond to the Court's request for a declaration, nor the Order to Show Cause regarding the same declaration filed two years later. Specifically, the Order to Show Cause noted that "this case may be dismissed with prejudice without further notice." (Order (Dkt. No. 8, Case No. 20-CV-2233).) The Clerk of Court mailed a copy of the Order to Show Cause to Petitioner the day after it was filed by the Court. (*See* Dkt., Case No. 20-CV-2233 (entry for Oct. 6, 2022).) However, that mailing was returned to the Court as undeliverable and unable to be forwarded. (*See* Dkt., Case No. 20-CV-2233 (entry for Nov. 11, 2022).) The Court has not

3

received any response from Petitioner's counsel in the criminal case as well, who received a copy of the Order to Show Cause to forward to Petitioner. (*See generally* Dkt., Case No. 16-CR-390; Dkt. Case No. 20-CV-2233.) As of the date of this Order, Petitioner nor Petitioner's counsel has communicated with the Court since August 26, 2020. (Dkt. No. 63, Case No. 16-CR-390; *see also* Dkt., Case No. 20-CV-2233.)

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.")

The Clerk of Court is directed to mail a copy of this Order to Petitioner and Petitioner's counsel listed in the corresponding criminal case, and to close the case at Case Number 20-CV-2233.

SO ORDERED.

DATED: March 31, 2023
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE